UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS,<br><br>       Plaintiff,<br><br>   v.<br><br>CISNERO, et al.,<br><br>       Defendants. | Case No.: 1:22-cv-01033-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**<br><br>(Doc. 3)<br><br>**Clerk of the Court to Assign District Judge** |

Plaintiff Clarence L. Hearns is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff filed his complaint in this action on August 16, 2022. (Doc. 1.) On that same date, Plaintiff filed a Motion Requesting Preliminary Injunction and Temporary Restraining Order. (Doc. 3.)

More specifically, Plaintiff contends the Substance Abuse Treatment Facility (SATF) has "implemented a rogue policy to confiscate the personal property of inmates, i.e. JPay-5 Tablets." (Doc. 3 at 1.) Further, Plaintiff contends SATF threatened to "cut off JP-5 wifi and kiosk access" as of "July 31, 2022," which would render the tablets inoperable. (*Id*.) Plaintiff asks that SATF employees, "as well as subcontractors and JPay employees be restrained TEMPORARILY from

removing" the JPay wife and kiosk at SATF "for the next (14) fourteen days." (*Id*.) Plaintiff asks the Court to issue a preliminary injunction "to turn back on the JPay kiosk and WiFi until such time as the court can take in all relevant evidence …." (*Id.*)

In support of his motion, Plaintiff contends inmates have a right to own personal property during the period of confinement, including "inmate owned Tablets." (Doc. 3 at 2.) Because the tablets must be "plugged into" an operable JPay kiosk every thirty days, the inability to do so causes "irreparable harm" and the "total loss of Content purchased on the Tablet." (*Id*.) It further denies access to content "created on the various student app like OFFICE SUITE," causing irreparable harm. (*Id*.) Plaintiff contends SATF is acting "without any adoption of official policy" and in the absence of "approval by the OFFICE OF ADMINISTRATIVE LAW." (*Id*.) Plaintiff further supports his motion with the "Affidavit of Clarence L. Hearns" (*id*. at 3) and an "Affidavit Detailing Notice Given to Respondent" (*id* at 4).

**II.      DISCUSSION**

      ***A.      Applicable Legal Standards***

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1]  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g*., *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers,

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### *B.   Analysis*

Plaintiff's motion seeks an order restraining SATF "employees, as well as subcontractors and JPay employees" from confiscating "JPay-5 Tablets" and from removing or discontinuing the "JPay wifi and kiosk." (Doc. 3.)

Initially, a review of the complaint filed August 16, 2022, reveals Plaintiff named Warden T. Cisneros, Associate Warden R. Morales, Facility Captain Frasser and K. Allison, Secretary of the California Department of Corrections and Rehabilitation as defendants. (Doc. 1 at 2.) Significantly, no defendant has been served in this action, nor has any defendant filed an appearance. Thus, this Court does not have personal jurisdiction over the named defendants and may not act at this time. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. at 350; *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. at 234-35; *Zepeda v. INS*, 753 F.2d at 727-28. Additionally, Plaintiff's motion seeks to enjoin "subcontractors and JPay employees" in addition to "SATF employees." Because "JPay subcontractors and employees" are not named in Plaintiff's

3

complaint, they are not parties to the action and the Court may not issue an order enjoining their actions or conduct. *Zepeda v. I.N.S.*, 753 F.2d at 728, n.1.

Second, the undersigned notes Plaintiff appears to seek an injunction on behalf of he and other inmates who own or use a JPay tablet at SATF. However, to the extent Plaintiff seeks relief on behalf of other prisoners, he has no standing to do so. *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party"). Plaintiff also may not represent a class of inmates in a putative class action. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) ("As the district court accurately pointed out, courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *Claxton v. Ryan*, No. CV 11–934–PHX–GMS (ECV), 2011 WL 2533554, at *1–2 (D. Ariz. June 27, 2011) (noting that pro se plaintiffs "may not appear as an attorney for other persons in a class action"); *Reed v. Board of Prison Terms*, No. C 03–2917 MMC PR, 2003 WL 21982471, at *1 (N.D. Cal. Aug. 8, 2003) ("Pro se prisoner plaintiffs may not bring class actions because they are not adequate class representatives able to fairly represent and adequately protect the interests of the class").

Even if this Court had personal jurisdiction over the named Defendants, as set forth below, Plaintiff has not established that he is likely to succeed on the merits,[2] that he is likely to suffer irreparable harm, that the balance of equities tips in his favor, or that an injunction is in the public interest.

### 1. The Merits

In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Here, the Court is unable to find that Plaintiff has carried

---

[2] The Court's finding relates only to the present motion. The Court has not screened Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Thus, the Court does not express an opinion on whether the factual allegations in the complaint are sufficient to state a cognizable claim that is "plausible on its face," under the liberal pleading standards for *pro se* litigants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512-13 (2002); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

4

his burden of demonstrating he is likely to succeed on the merits of this action because his motion fails to identify legal authority that would entitle him to the relief he seeks. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 20.

In his complaint,[3] Plaintiff asserts two claims. First, Plaintiff alleges his due process rights were violated by prison officials when they deprived him of access to digital content on "Inmate owned Tablets" by "cutting off the JPay Kiosk" and the related "Wifi for the JPay Tablets." (Doc. 1 at 3.)[4] Plaintiff also asserts "SATF Administration has begun to announce that the JPay Tablets will be seen as CONTRABAND and subject to confiscation." (*Id*.) In his second claim, Plaintiff alleges a violation of his First Amendment rights for the prison's failure to process his grievances related to the "inmate owned Tablets." (*Id*. at 4.)

Plaintiff attached Exhibit A in support of his complaint. (Doc. 1 at 6-8.) It concerns a "Captain Meeting" of the "Facility 'A' Inmate Advisory Council" held June 18, 2022. (*Id*. at 7.) The document includes a notation that when asked by the "IAC CHAIRMAN" whether "with the issuance of the GTL tablets, is there any information regarding the inmate population having to turn in their Jpay tablets?," "CAPTAIN FRAZIER" responded, in relevant part, "inmates also knew from the beginning that the Jpay tablets were part of a pilot program. So it was always a chance that the program would be cancelled." (*Id*.) When the "IAC VICE CHAIRMAN" stated the "Department Operational Procedures (D.O.M)" provides that "inmates are allowed to own one tablet" and that "Inmates paid for the Jpay tablets" (*id*.), Frazier responded: "…he understands. But inmates knew that Jpay was a pilot program" and that "the Institution does not know as of yet if inmates will have to turn them in or send them home" (*id.*).

The Due Process Clause protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Additionally, prisoners have a

---

[3] Plaintiff's complaint has not yet been screened, as required by 28 U.S.C. § 1915A(a), to determine whether it states a cognizable claim or claims against any named Defendant. This Court is one of the busiest district courts in the nation. Complaints are generally screened in the order in which they were filed; there are hundreds of *pro se* prisoner complaints pending screening in this Court. Plaintiff's complaint will be screened in due course.

[4] While Plaintiff's motion mentions the tablets are inmate-owned, Plaintiff's complaint and the instant motion do not include any attestation that Plaintiff purchased the JPay tablet.

1  protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).
2  However, while an authorized, intentional deprivation of property is actionable under the Due
3  Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v.*
4  *Zimmerman Brush Co*., 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir.
5  1985), neither negligent nor unauthorized intentional deprivations of property by a state employee
6  "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth
7  Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson* 468 U.S.
8  at 533. The Due Process Clause is violated only when the agency "prescribes and enforces
9  forfeitures of property without underlying statutory authority and competent procedural
10  protections." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing
11  *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

12  It appears that Plaintiff is asserting an unauthorized or negligent deprivation of property
13  by state employees. If so, he cannot demonstrate a likelihood of success on the merits where such
14  a deprivation does not amount to a constitutional violation. *See Hudson*, 468 U.S. at 533. And, if
15  Plaintiff is asserting an authorized and intentional deprivation of property, amounting to an
16  actionable constitutional violation, likelihood of success on the merits cannot be determined at
17  this stage of the proceedings because it is not known whether defendants had the statutory
18  authority or procedural protections allowing for such an action. *See Nevada Dept. of Corrections*
19  *v. Greene*, 648 F.3d at 1019.

20  In sum, Plaintiff has not established he is likely to succeed on the merits. Therefore, his
21  motion should be denied.

22                      2.  <u>Irreparable Harm</u>

23  Plaintiff alleges the actions being taken at SATF concerning JPay tablet ownership and
24  related access to content maintained on those tablets is causing irreparable harm to the inmates
25  housed there. (Doc. 3 at 2.)

26  "The equitable remedy is unavailable absent a showing of irreparable injury, a
27  requirement that cannot be met where there is no showing of any real or immediate threat that the
28  plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury."

*City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted).

The allegations in Plaintiff's complaint and in his motion do not rule out the possibility that harm may result from a continued inability to access his JPay tablet and/or its content. However, the allegations are speculative, particularly concerning the likelihood of a substantial and immediate irreparable injury. While Plaintiff's affidavit indicates that inmate owned tablets like his were to be "turn[ed] in, donated or sent home," the affidavit also indicates "STATE OWNED GTL Tablet[s] would be introduced to the entire general population, throughout CDCR." (Doc. 3 at 3.)  Thus, it is possible a substitute tablet will allow for continued access to similar systems and content. *See, e.g.*, *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy ... are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm," quoting *Virginia Petroleum Jobbers Ass'n. v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958) (emphasis original)).

And although Plaintiff has concerns about the viability of transferring content maintained on a JPay tablet to the state-owned GTL tablet (*id.*), Plaintiff's concern amounts to only speculation rather than a demonstration of a likely and substantial irreparable injury.  A litigant "seeking *preliminary* relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (citation omitted) (emphasis added). "Issuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (citation omitted) (emphasis added). Here, Plaintiff does not make a showing of a likely irreparable injury, only the possibility of one.

### 3. Balance of Equities & Public Interest

Plaintiff makes no showing whatsoever that the balance of equities tips in his favor, nor does he make any showing that the injunction he seeks is in the public's interest.

//

### III.     CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for a temporary restraining order and a preliminary injunction (Doc. No. 3) be DENIED.

These Findings and Recommendations will be submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 13, 2022**                                   _____
                                                                UNITED STATES MAGISTRATE JUDGE