UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS,<br><br>          Plaintiff,<br><br>     v.<br><br>CISNERO, et al.,<br><br>          Defendants. | Case No.: 1:22-cv-01033-JLT-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>(Docs. 3, 13) |

Clarence L. Hearns is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff seeks injunctive relief restraining SATF "employees, as well as subcontractors and JPay employees" from confiscating "JPay-5 Tablets" and from removing or discontinuing the "JPay wifi and kiosk." (Doc. 3.) As an initial matter, the assigned magistrate judge found that because the defendants have not been served, "this Court does not have personal jurisdiction over the named defendants and may not act at this time." (Doc. 13 at 6.) The magistrate judge also addressed the merits of the request, and determined Plaintiff failed to show he was likely to succeed on the merits of his claim, as required for injunctive relief. (*Id.* at 6.) Furthermore, the magistrate judge found "the allegations are speculative, particularly concerning the likelihood of a substantial and immediate irreparable injury." (*Id.* at 7.) Finally, the magistrate judge noted that

"Plaintiff makes no showing whatsoever that the balance of equities tips in his favor, nor does he make any showing that the injunction he seeks is in the public's interest." (*Id.*) Therefore, the magistrate judge recommended Plaintiff's motion for a temporary restraining order and a preliminary injunction be denied on October 13, 2022. (*Id.* at 8.)

Plaintiff filed objections to the Findings and Recommendations on November 3, 2022. (Doc. 16.) Plaintiff contends the Court may cure the lack of jurisdiction over the defendants by serving them and setting a hearing. (*Id.* at 4.) Plaintiff also argues the Court should have investigated the facts alleged, and the failure to do so resulted in a "series of missteps" and "amount[ed] to a total miscarriage of justice." (*Id.*)

Significantly, the Court does not have a burden to investigate the claims alleged by Plaintiff. Rather, the burden is on Plaintiff "to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. NRDC*, 555 U.S. 7, 20 at 2008). Plaintiff failed to carry these burdens, and his objections to not challenge—or otherwise undermine— the findings of the magistrate judge regarding these factors. Further, because the Court has not yet screened the complaint beyond its review for purposes of addressing the request for injunctive relief, the Court declines to serve the defendants at this time.

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case. Having carefully reviewed the file, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on October 13, 2022 (Doc. 13) are **ADOPTED** in full.

2. Plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. 3) is **DENIED**.

///

///

2

1   3. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **November 7, 2022**

_____
UNITED STATES DISTRICT JUDGE

3