UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CISNERO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-01033-JLT-CDB (PC)<br><br>**ORDER DENYING RECONSIDERATION**<br><br>(Doc. 18) |

　　The Court issued an Order Adopting Findings and Recommendations and Denying Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. (Doc. 17.) Soon thereafter, Plaintiff filed a "Rule 59(e) Motion" (Doc. 18), seeking reconsideration of the November 8, 2022, order.

**INTRODUCTION AND LEGAL STANDARD**

　　Plaintiff argues the availability of new evidence, the need to correct clear factual or legal errors, and the need to prevent manifest injustice warrant a grant of his motion for reconsideration. (Doc. 18 at 2.) Plaintiff contends the magistrate judge "was unaware that plaintiff's claim of correctional officials confiscating his JPay-5 Tablet had actually [occurred] before the issuing of the" findings. (*Id*.) Next, Plaintiff contends the magistrate judge's findings "overlooked" the "essential element" of notice to the opposing party. (*Id*.) Additionally, Plaintiff argues that Rule 65 requires the court to hold a hearing prior to granting or denying a plaintiff's

application for a preliminary injunction, however that "was ignored by the magistrate in this case." (*Id.* at 2-3.) Plaintiff has also provided what is purported to be "the citation of the rules applicable to the California Department of Corrections and Rehabilitation, in regard to [implementing] what the state lawmakers call a 'Underground Regulation' or what is coined as a Rogue policy. Not to mention that the state is converting inmates' personal property by an act of pure dominance." (*Id.* at 3, 4.)

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (internal quotations & citations omitted). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. Fed. R. Civ. P. 59(e). Under Rule 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001 (party must show more than disagreement with that which was already considered).

Plaintiff's previous objections mirror his instant motion—Plaintiff complained the magistrate judge did not conduct a formal inquiry or hearing, advised prison officials "had removed all JPAY-5 tablets" in September, and addressed the issue of the notice he provided to prison authorities (*see* Doc. 16)—he raises those same issues in the instant motion. However, Plaintiff's objections were fully considered in this Court's Order adopting the magistrate judge's findings issued November 8, 2022. (*See* Doc. 17.)

Plaintiff's reference to provisions of the "Department Operational Manual" does not amount to newly discovered evidence. Plaintiff does not in any way assert this information was

unavailable to him previously, nor is it clear how this information is relevant.

Plaintiff has not presented newly discovered evidence, shown the Court committed clear error, nor has he shown an intervening change in the controlling law. *389 Orange St. Partners*, 179 F.3d at 665. Rather, Plaintiff's motion amounts to his mere dissatisfaction with the Court's November 8, 2022 order or belief that the Court's decision was wrong. Those are not adequate grounds for relief. *Twentieth Century-Fox Film Corp.*, 637 F.2d at 1341.

**CONCLUSION AND ORDER**

In sum, the Court finds the extraordinary remedy Plaintiff seeks is unwarranted. *Kaufmann*, 32 F.4th at, 850. Accordingly, Plaintiff's motion for reconsideration (Doc. 18) is DENIED.

IT IS SO ORDERED.

Dated:   **December 2, 2022**

UNITED STATES DISTRICT JUDGE

3