UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CISNERO, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:22-cv-1033-JLT-CDB (PC)<br><br>**ORDER DIRECTING CLERK OF THE COURT TO PROCESS APPEAL**<br><br>(Doc. 20) |

Plaintiff Clarence L. Hearns is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT BACKGROUND**

Plaintiff filed his complaint in this action on August 16, 2022. (Doc. 1.) On that same date, Plaintiff filed a Motion Requesting Preliminary Injunction and Temporary Restraining Order. (Doc. 3.)

On October 13, 2022, the undersigned issued Findings and Recommendations to Deny Motion for Preliminary Injunction and Temporary Restraining Order. (Doc. 13.)  On November 8, 2022, District Judge Jennifer L. Thurston issued an Order Adopting Findings and Recommendations and Denying Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. (Doc. 17.)  In that Order, Judge Thurston acknowledged that she had considered and rejected Petitioner's Objections to the Findings and Recommendations (filed

November 3, 2022, *see* Doc. 16.)

On November 29, 2022, Plaintiff filed a "Rule 59(e) Motion" seeking reconsideration of the November 8, 2022 order. (Doc. 18.) On December 2, 2022, Judge Thurston issued an Order Denying Reconsideration. (Doc. 19.)

Thereafter, on December 14, 2022, Plaintiff filed a document titled "Motion for Appelate [sic] Relief in the Form of Injunction Pursuant FRAP Rule 8." (Doc. 20.)

**II.     DISCUSSION**

Plaintiff appears to seek to appeal to the Ninth Circuit following this Court's denial of his motion for a preliminary injunction and temporary restraining order and motion for reconsideration. (Doc. 20 at 1.) Plaintiff's pleading identifies the Ninth Circuit Court of Appeals in the heading and leaves a blank space for the addition of a case number above the title of his pleading. (*Id*.) Further, he identifies himself as "Petitioner/Plaintiff" and named defendants as "Defendants/Respondents" in the caption. (*Id*.) The first line of the body of the motion reads, "To the Honorable Circuit Court …." (*Id*.) In substance, Plaintiff's pleading provides a procedural history of the action now pending, argues this Court's actions or decisions were improper, and references appended exhibits intended for the Ninth Circuit Court of Appeals.[1] (*Id*. at 1-2.) Plaintiff seeks declaratory relief, an order requiring a hearing concerning "the facts surrounding the alleged 'confiscation of inmate owned tablets,'" an injunction preventing the destruction of or harm to "petitioner's now confiscated JPAY-5 Tablet," and any other appropriate relief. (*Id*. at 2.)

Rule 8 of the Federal Rules of Appellate Procedure concerns a stay or injunction pending appeal. It provides as follows:

> (a) Motion for Stay.
>
>   (1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:
>
>     (A) a stay of the judgment or order of a district court pending appeal;
>
>     (B) approval of a bond or other security provided to obtain a stay of judgment; or

---

[1] At page 2 Plaintiff notes "(No Appendix sent to District court due [to] items already in case file)."

    (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

 (2) Motion in the Court of Appeals; Conditions on Relief. A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.

    (A) The motion must:

       (i) show that moving first in the district court would be impracticable; or

       (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.

    (B) The motion must also include:

       (i) the reasons for granting the relief requested and the facts relied on;

       (ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and

       (iii) relevant parts of the record.

    (C) The moving party must give reasonable notice of the motion to all parties.

    (D) A motion under this Rule 8(a)(2) must be filed with the circuit clerk and normally will be considered by a panel of the court. But in an exceptional case in which time requirements make that procedure impracticable, the motion may be made to and considered by a single judge.

    (E) The court may condition relief on a party's filing a bond or other security in the district court.

(b) Proceeding Against a Security Provider. If a party gives security with one or more security providers, each provider submits to the jurisdiction of the district court and irrevocably appoints the district clerk as its agent on whom any papers affecting its liability on the security may be served. On motion, a security provider's liability may be enforced in the district court without the necessity of an independent action. The motion and any notice that the district court prescribes may be served on the district clerk, who must promptly send a copy to each security provider whose address is known.

(c) Stay in a Criminal Case. Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case.

Fed. R. App. P. 8.

The undersigned further notes Plaintiff's "Proof of Service" reflects service on this Court alone. But Plaintiff seeks a decision by the appellate court following this Court's previous denial of his motion for preliminary injunction and temporary restraining order. Notably, however, a PACER search conducted December 15, 2022 failed to identify any case initiated by Clarence L. Hearns, related to this action, filed in the Ninth Circuit Court of Appeals.

Following review of Plaintiff's motion, it is clear that Plaintiff is attempting to challenge the Court's denial of his motion for a preliminary injunction and temporary restraining order, as well as its denial of his motion for reconsideration. As such, the Court finds it appropriate to construe Plaintiff's motion as a notice of appeal.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court CONSTRUES Plaintiff's motion to be a notice of appeal. The Clerk of the Court is DIRECTED to process Plaintiff's filing of December 14, 2022 as a notice of appeal and to send a copy of this order to the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **December 16, 2022**

UNITED STATES MAGISTRATE JUDGE