# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS,<br><br>        Plaintiff,<br><br>    v.<br><br>CISNERO, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-1033 JLT CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION FOR FAILURE TO STATE A CLAIM, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 31) |

Clarence L. Hearns seeks to hold the defendants—including Kathleen Allison, Secretary of the California Department of Corrections and Rehabilitation, Warden Teresa Cisneros, Associate Warden R. Morales and Captain C. Frazier— liable for civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff contends the defendants violated his civil rights by taking his JPay tablet after the CDCR ended the pilot JPay program. (*See generally* Doc. 29.) This matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge found Plaintiff failed to state a claim and leave to amend would be futile. (Doc. 31 at 8-11.) The magistrate judge recommended the action be dismissed without leave to amend. (*Id.* at 11.) Plaintiff filed objections, maintaining the defendants violated his rights and the magistrate judge erred by not directing service of the FAC upon the defendants. (Doc. 34.) However, Plaintiff does not identify any facts sufficient to support his claim for a violation of his civil rights. As the magistrate judge determined, Plaintiff does not

have a constitutional right to possess a JPay tablet.  *See, e.g., Atencio v. Allison*, 2021 WL 2982917, at *4 (E.D. Cal. July 15, 2021) ("Plaintiff cannot allege a fundamental right to a particular type of electronic device") *adopted by* 2021 WL 4803970 (E.D. Cal. Oct. 14, 2021); *Cerniglia v. Price*, 2017 WL 4865452, at *2-4 (E.D. Cal. Oct. 27, 2021) ("No Court has found that prisoners have a constitutional right to possess personal computers or items that are similar to personal computers…").  Consequently, Plaintiff fails to state a cognizable claim for a violation of his civil rights stemming from the CDCR's termination of the JPay pilot program and its policy prohibiting him from retaining the JPay tablet.  Because leave to amend is futile, dismissal is appropriate, and the Court will not order service upon the defendants.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of the case.  Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 21, 2023 (Doc. 31) are **ADOPTED** in full.
2. This action is **DISMISSED** for Plaintiff's failure to state a claim upon which relief can be granted.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 3, 2023**

UNITED STATES DISTRICT JUDGE

2